00-CR-2
DIST. OF CONN.
UNDERHILL.

**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 4th day of March, two thousand and five.

PRESENT:

    HON. JAMES L. OAKES,
    HON. AMALYA L. KEARSE,
    HON. ROBERT D. SACK,

        Circuit Judges.



------------------------------------------------

UNITED STATES OF AMERICA,

    Appellee,

  - v -                          No. 04-3603-cr

ISAIAS SOLER,

    Defendant-Appellant.

FRANK ESTRADA, NELSON CARRASQUILLO,
FELIX DEJESUS, CHARLES DEJESUS,
EDDIE LAWHORN, YAMARR SHIPMAN,
MICHAEL HILLARD, PABLITO COTTO,
BENITO ROSARIO, RICARDO ROSARIO,
JERMAINE JENKINS, MAKENE JACOBS,
JOSEPH BUTLER, VIVIANA JIMINEZ,
KELVIN VEREEN, DANIEL HERREDIA,
FELIPE SANTANA, TAMARIUS MANER,
GLORIA VARGAS,

    Defendants.

-ISSUED AS MANDATE: 3/28/05

---

| | |
|---|---|
| Appearing for Appellant: | CRAIG A. RAABE, Robinson & Cole LLP (Marion B. Manzo, of counsel), Hartford, CT. |
| Appearing for Appellee: | ALEX HERNANDEZ, Assistant United States Attorney for the District of Connecticut (Kevin J. O'Connor, United States Attorney, Sandra S. Glover, Assistant United States Attorney, of counsel), New Haven, CT. |

Appeal from United States District Court for the District of Connecticut (Stefan R. Underhill, <u>Judge</u>).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

The defendant-appellant, Isaias Soler, pleaded guilty to: one count of violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), in violation of 18 U.S.C. § 1962(c); one count of conspiring to violate RICO, in violation of 18 U.S.C. § 1962(d); one count of committing a violent crime in aid of racketeering ("VCAR") murder, in violation of 18 U.S.C. § 1959(a)(1); one count of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1); two counts of witness tampering, in violation of 18 U.S.C. §§ 1512(b)(3) and 2; one count of conspiring to engage in witness tampering, in violation of 18 U.S.C. §§ 1512(b)(3), 2, and 371; and two counts of conspiring to possess with intent to distribute heroin and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Eighteen months after pleading guilty, Soler filed a motion to vacate his guilty plea, pursuant to former Federal Rule of Criminal Procedure 32(d), now Rule 11(d)(2)(B), on the grounds that: 1) he received ineffective assistance of counsel because his attorney failed to adequately inform him of the consequences of his guilty plea -- in particular, the mandatory life sentence carried by the VCAR Murder count under the Sentencing Guidelines; and 2) his guilty plea was not entered into voluntarily and intelligently because of procedural deficiencies in the plea colloquy before the district court. The district court denied Soler's motion to withdraw his guilty plea. <u>United States v. Soler</u>, 289 F. Supp. 2d 210, 217 (D. Conn. 2003). Soler was convicted on all counts to which he had pleaded guilty, and

sentenced principally to several lifetime terms and ten-year terms of imprisonment, with all the terms except one ten-year term to run concurrently with each other.

On appeal, Soler argues that the district court erred in denying the motion to withdraw his guilty plea because he did not understand the consequences of pleading guilty and he received constitutionally ineffective assistance of counsel.

"We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion and any findings of fact in connection with that decision for clear error." United States v. Juncal, 245 F.3d 166, 170-71 (2d Cir. 2001). "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence[,] if the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Although "this standard implies that motions to withdraw prior to sentence should be liberally granted, a defendant who seeks to withdraw his plea bears the burden of satisfying the trial judge that there are valid grounds for withdrawal," United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir. 1992) (internal quotation marks and citations omitted), such as the voluntariness of the plea, see, e.g., United States v. Schmidt, 373 F.3d 100, 103 (2d Cir. 2004); United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997). In this regard, a defendant's testimony at a plea allocution "carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made." Juncal, 245 F.3d at 171. A defendant's "change of heart prompted by his reevaluation of . . . the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." Gonzalez, 970 F.2d at 1100.

A careful review of the plea colloquy clearly indicates that the district court went to great lengths to explain how the Sentencing Guidelines worked, in conjunction with any statutes setting forth minimum and maximum penalties, and that Soler, after expressing some initial confusion, repeatedly stated that he understood. In particular, the record shows that Soler was notified on numerous occasions--both through the plea agreement, which he confirmed that he read and understood, and at several points in the plea colloquy--that he faced a mandatory life term in prison on the VCAR Murder count if he pleaded guilty. Absent the requisite "substantial reason" to discredit Soler's testimony

357449, at *3, 2005 U.S. App. LEXIS 2670, at *10 (2d Cir. Feb. 16, 2005), because Soler was sentenced in accordance with a statutory mandatory minimum of life imprisonment under 18 U.S.C. § 1959(a)(1) -- from which "a district court is not authorized to depart . . . unless the Government has moved for a downward departure," see United States v. Bruno, 383 F.3d 65, 92 (2d Cir. 2004) -- so that "any reduction in the calculated Guidelines range could not reduce [Soler's] actual sentence," Sharpley, 2005 WL 357449, at *3, 2005 U.S. App. LEXIS 2670, at *11. There is no reason to remand to the district court.

We have considered all of Soler's contentions on this appeal and have found them to be without merit. The judgment of the District Court is hereby AFFIRMED.

FOR THE COURT:

ROSEANN B. MACKECHNIE, Clerk

By: *Lucille Carr*      3/4/05

Date

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
DEPUTY CLERK